PER CURIAM.
This cause is before us on petition by Respondent seeking review of the referee’s recommendation that Respondent be suspended from the practice of law for a period of twelve months and subsequently thereto be permanently barred from engaging in the practice of law with respect to matters involving Federal and State Securities laws.
The Complaint against ■ Respondent charged him generally with falsely representing that he was knowledgeable with respect to Federal Securities laws; that he was retained in February, 1967, to obtain the registration of the American College Foundation with the Securities and Exchange Commission; that Respondent falsely and continually during the course of this employment represented to the Foundation and others that the registration statement would be filed within a few weeks; that the Respondent failed to register the Foundation with the SEC, although he falsely represented that registration statement had been filed; and, that Respondent was discharged by the Foundation in May of 1968 for failing to file the registration statement with the SEC and concealing this fact from the Foundation.
The Referee found that, in February, 1967, Respondent undertook to register the Foundation under the Securities and Exchange Act; that he represented that he was knowledgeable in the fields of law necessary to accomplish this registration, whereas, in fact, he was relatively inexperienced in practice before the SEC; that Respondent misled the representatives of the Foundation to expect that the required registration would be accomplished in eight to ten weeks, when he knew, or should have known; that to effect the registration, with the unique problems it presented to the SEC within such a limited period of time, if registration could be effected at all, was most unlikely; that the Respondent repeatedly and falsely misrepresented to the representatives of the Foundation the date when they could resume business operations, when he knew or should have known, that they- would not be able to resume business operations, as no registration statement had been filed with the SEC; that he represented that a registration statement had been filed in July of 1967, when in fact such registration statement had not been filed, and was never filed, as respondent actually only filed a notification of registration, which he subsequently permitted to go into default without revealing such default to the representatives of the Foundation; and, that Respondent’s failure to file the requisite registration statement and to diligently process the same was a direct cause of the Foundation’s discontinuing business.
On the basis of the foregoing, the Referee recommended that the respondent be suspended from the practice of law for a twelve-month period, and subsequently thereto be permanently barred from engaging in the practice of law with respect to matters involving Federal and State Securities laws.
We have heard argument from both the Florida Bar and Respondent, have carefully reviewed and examined the record and briefs, and, based upon such, hereby disapprove of both the referee’s findings of fact and his recommendations of guilt and discipline.
It appears that these charges were originally brought against Respondent by several members of the Foundation, who alleg *836 edly suffered as a result of Respondent’s inactions and misrepresentations. The record reveals, however, that Respondent, at all times, diligently attempted to accomplish that for which he was retained, i.e., the registration of the Foundation with the SEC. The record further reveals that it was conduct on the part of the members of the Foundation which prevented such accomplishment. Respondent had informed the members of the Foundation that, in order to complete said registration, the SEC required that the Foundation demonstrate proof of net assets of at least $100,000.00, and further required that the Foundation submit certain certified financial statements. Neither the proof of net assets, nor the certified financial statements, were ever provided by the Foundation, despite repeated requests therefor by Respondent, .and despite repeated admonitions by Respondent that registration could not be completed without said documents. It thus appears that Respondent was diligent in his attempt to register the Foundation, frank and honest in his representations to the Foundation as to the progress of such registration, and prevented from finally accomplishing such registration through no fault of his own.
Accordingly, the report of the referee, specifically, the referee’s findings of fact and recommendations of guilt and discipline, is disapproved and the complaint of the Florida Bar is dismissed.
It is so ordered.
CARLTON, C. J., and ERVIN, ADKINS, and BOYD, JJ., concur.
DREW (Retired), J., dissents with opinion.